IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| ODELLSIA LONG, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 17-00099-N |
| | ) | |
| NANCY A. BERRYHILL, Acting | ) | |
| Commissioner of Social Security, | ) | |
|     Defendant. | ) | |

**ORDER**

This matter is before the Court on Plaintiff Odellsia Long's ("Plaintiff") Motion to Amend the Court's November 28, 2017 Order (Doc. 27). (Doc. 28). Therein, Plaintiff requests that "the Court amend the Order granting attorney fees to acknowledge the Assignment and order the payment of fees to Plaintiff's attorney." (Doc. 28 at 1). For the reasons discussed herein, the motion is **GRANTED IN PART** and **DENIED IN PART**.

Plaintiff's motion for attorney fees (Doc. 24) referenced an assignment of fees from Plaintiff to counsel. With regard to the assignment, Defendant Commissioner of Social Security, stated "…[I]f it is determined upon effectuation of the Court's EAJA fee order that Plaintiff does not owe a debt that is subject to offset under the Treasury Offset Program, the Commissioner agrees to accept the assignment and fees will be made payable to Plaintiff's attorney. If there is such a debt, any fee remaining after offset will be made payable to Plaintiff and delivered to Plaintiff's attorney." (Doc. 26 at 1-2). Neither the assignment or Defendant's position were addressed in the Court's November 28, 2017 order. Accordingly, the portion of Plaintiff's motion

1

requesting that the Court acknowledge the assignment is **GRANTED**. The Plaintiff's "assignment of h[er] right in the fees award to counsel does not overcome the clear EAJA mandate that the award is to h[er] as the prevailing party, and the fees belong to h[er]." *Burton v. Berryhill*, No. CV 16-00210-N, 2017 WL 4274434, at *5 (S.D. Ala. Sept. 26, 2017)(quoting *Brown v. Astrue*, 271 F. App'x. 741, 743-44 (10th Cir. 2008)(unpublished)).

However, the motion is **DENIED** as to Plaintiff's request that the Court order the payment of fees to Plaintiff's counsel. The Supreme Court has held that an EAJA "fees award is payable to the litigant and is therefore subject to a Government offset to satisfy a pre-existing debt that the litigant owes the United States ." *Astrue v. Ratliff,* 560 U.S. 586, 589 (2010). " 'In light of *Ratliff,* [the best] practice [is] to simply award the EAJA fees directly to Plaintiff as the prevailing party and remain silent regarding the direction of payment of those fees. It is not the duty of the Court to determine whether Plaintiff owes a debt to the government that may be satisfied, in whole or in part, from the EAJA fees award. The Court leaves it to the discretion of the Commissioner to determine whether to honor [any] assignment of EAJA fees.' " *Napier v. Colvin,* Civil Action No. 13–00355–N, 2014 WL 2960976, at *1 n. 1 (S.D.Ala. July 1, 2014) (quoting *Varner v. Astrue,* No. 3:09–CV–1026–J–TEM, 2011 WL 2682131, at *2 (M.D.Fla. July 11, 2011)). *See also Champion v. Colvin*, No. CIV.A. 14-00464-N, 2015 WL 4130054, at *3 (S.D. Ala. July 8, 2015).

**DONE** and **ORDERED** this the **20th** day of **February 2018**.

*/s/ Katherine P. Nelson*
**KATHERINE P. NELSON**
**UNITED STATES MAGISTRATE JUDGE**

2